BLANKS *v.* CASSIDY.

In Banc.   June 12, 1950.

No. 37450  (46 So. (2d) 798)

**B. D. Statham,** for appellant.

Cassidy, McLain & Alford, for appellee.

Roberds, J.

This is a replevin action by the trustee in a deed of trust to recover possession of an automobile conveyed by the trust deed, resulting in a verdict and judgment for the trustee.

Blanks, on this appeal, contends the trial court was in error in granting to plaintiff two designated instructions and refusing to grant to defendant one such instruction.

It is necessary to set forth the facts in order to understand the merits of the contentions.

On December 19, 1946, O'Quin-Phillips Motor Co., Inc., domiciled in McComb, Mississippi, sold the automobile to Price Lee Boyd. Boyd borrowed $1543.92 from the First National Bank of McComb, and by use of this amount, added to funds he already had, he paid the entire purchase price of $2069.90, less a discount of $100.00. Boyd and his father executed to the Bank a promissory note for the money borrowed from it and Boyd executed a deed of trust on the car to the bank to secure the note. The trust deed was duly filed for record.

On January 2, 1947, Boyd resold the automobile to O'Quin, the purchaser assuming in writing the debt to the Bank and paying to Boyd the difference in the pur-

chase price. The Bank knew nothing of this sale when it was made. Later Boyd and O'Quin went to the Bank, informed it the sale had been made and endeavored to get the Bank to release the Boyds and accept the obligation of O'Quin, with a trust deed by him on the car, for the debt. The Bank not only refused to do that, but it informed Boyd it thought, from the standpoint of Boyd, this was a bad deal. The monthly payments defaulted to March, 1947. The Bank sent out notices to the Boyds. Boyd complained to O'Quin about nonpayment of the installments and O'Quin in March paid to the Bank all past due installments. From March until July there was default in monthly payments to the Bank. It sent notices to the Boyds, demanding payments. In July, 1947, O'Quin again paid to the Bank the past due installments, making the payments current.

On July 4, 1947, Blanks purchased the car from O'Quin. O'Quin resided in Magnolia and since his repurchase of the automobile he had used it as his personal car. It does not appear he had ever placed it on exhibition for sale by O'Quin-Phillips Motor Co., Inc. The circumstances surrounding the purchase by Blanks were as follows: On July 4, 1947, he and his family were on their way to Percy Quin Park for a picnic. They stopped at a filling station. It so happened that O'Quin was having that station service the car in question. A conversation took place between O'Quin and Blanks. O'Quin accepted Blank's offer for the car. Blanks then and there gave O'Quin his check on the Citizens Bank of Magnolia for $1200.00 as payment for the car. The automobile was delivered to Blanks. He made no inquiry whatever as to whether any lien or claim existed against the automobile. Later, when his check was paid the Citizens Bank informed Blanks it had a trust deed on the car. Blanks went to O'Quin about that. O'Quin paid the Citizens Bank.

The First National Bank of McComb did not know of the sale from O'Quin to Blanks. When it learned of that,

there being some monthly payments in arrears, it placed its trust deed and note in the hands of the trustee for collection. Blanks refused to surrender the car to the trustee; thus this action of replevin. Blanks executed bond and retained possession of the car. There was a jury verdict and judgment for the trustee and Blanks appeals here.

He complains the court below erred in granting the following instructions to the jury:

"The court instructs the jury for the plaintiff that if you believe the notes and deed of trust executed by Mr. Price Lee Boyd were legal and valid obligations and instruments and have not been paid—the trustee is entitled to the possession of property described in the deed of trust."

"The court instructs the jury for the plaintiff that this is an action in replevin and if from the evidence you believe the Trustee in the deed of trust executed by Price Lee Boyd to the First National Bank is entitled to the possession of the automobile in order that he may foreclose thereon, then your verdict will be 'We the jury find for the Plaintiff'."

Appellant says the First National Bank is in the position of one who has sold merchandise, endeavoring to retain a lien thereon, but knowingly permitting it to be exhibited for sale by the merchant with knowledge it will be sold in the ordinary course of business, or in the analogous situation of one financing the purchase of automobiles for re-sale to the public, yet retaining a lien against the cars, knowing they will be placed on exhibition and sold to the public by the automobile dealer, the latter situation being known as floor plan financing of automobiles. But appellant misconceives the Bank's situation in this case. It is not in the position of the described vendor or financier. Here, at the time Boyd resold the car to O'Quin, the Bank had no knowledge whatever such a sale was contemplated or going to be made. When it later found out about the transaction it refused to alter

its position or change its security and, as Boyd testified, would not consent to such transfer, and protested the wisdom of it so far as Boyd was concerned. It did not consent to anything. It continued to hold the Boyds responsible and send to them notices of the maturing installments. The car, when sold to Blanks, was a second-hand automobile. In fact, it was a used car when Boyd bought it. It was never placed upon the display floor of O'Quin-Phillips Motor Co., Inc. It was used by O'-Quin as his private car and kept in Magnolia—not in McComb. At least, if at any time it was ever upon the display floor, the Bank never knew of it. The facts are entirely different from the floor-plan financing arrangement and from one selling and undertaking to retain a lien upon merchandise or articles with the intent and knowledge the purchaser is to display and offer them for sale to the public in the regular course of business. The deed of trust to the Bank was duly of record and constituted notice to Blanks when he purchased the car. The two foregoing instructions, under the facts of the case, amounted to a peremptory, but the Bank was entitled to a peremptory. There was no error in granting the instructions. Therefore, the court did not err in refusing to grant the instruction to appellant about which he makes complaint, for that submitted, for the guidance of the jury, the rules between floor plan vendors and vendees, and we have said above those rules do not apply under the facts of this case.

Affirmed.